**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND A. GREEN, CDCR #E-68189, <br><br> Plaintiff, <br><br> vs. <br><br> BOARD OF PAROLE HEARINGS <br><br> Defendants. | Case No.: 3:18-cv-1166-MMA-BLM <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]** <br><br> **AND** <br><br> **2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM, AND FOR SEEKING DAMAGES FROM IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)** |

Raymond A. Green, ("Plaintiff"), currently incarcerated at Centinela State Prison in Imperial, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 seeking $15 million in compensatory damages and $15 million in punitive damages from the State of California's Board of Parole Hearings for incarcerating him for a period of time "grossly disproportionate" to his criminal sentence.

*See* Doc. No. 1 at 1-3, 7. Plaintiff is "willing to negotiate to settle at 10 million dollars and to be released from prison." *Id.* at 7.

Plaintiff did not prepay the filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

## II.     Motion to Proceed In Forma Pauperis

In order to institute a civil action, a party must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because he is a prisoner, even if he is granted leave to proceed IFP, Plaintiff remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) (hereafter *"King"*). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted copies of his CDCR Inmate Statement Report for the 6-month period preceding the filing of his Complaint, as well as a certified prison certificate attesting to his trust account activity and balances. *See* Doc. No. 2 at 4, 6-8; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *King*, 398 F.3d at 1119. These statements show that Plaintiff had no available balance on the books at the time of filing. *See* ECF No. 2 at 8.. Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2), declines to exact any initial filing fee because his prison certificate indicates he has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

///
///
///

**III. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

4

3:18-cv-1166-MMA-BLM

"unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>42 U.S.C. § 1983</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

C. <u>Discussion</u>

As currently pleaded, Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

First, to the extent Plaintiff claims he was wrongfully imprisoned based on the length of his criminal sentence, his suit "challeng[es] the validity of [his] continued incarceration [and therefore] lie[s] within 'the heart of habeas corpus.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)).

Second, Plaintiff may not seek damages against the Board of Parole Hearings, an agency of the State of California. The State of California is not a "person" within the meaning of § 1983 and is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it); *see also Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (dismissing prisoner's § 1983 suit against the State of Arizona as legally frivolous), *superseded by statute on other grounds*

*as stated in Lopez*, 203 F.3d at 1130; *Brand v. Schubert*, No. 2:16-CV-1811 MCE EFB P, 2017 WL 531721, at *2 (E.D. Cal. Feb. 7, 2017) (sua sponte dismissing § 1983 claims against the State of California on sovereign immunity grounds pursuant to 28 U.S.C. § 1915A).

### D. Leave to Amend

While the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so under the circumstances would be futile. *See Lopez*, 203 F.3d at 1127 n.8 ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."); *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

## III. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2).

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** this civil action sua sponte for failing to state a claim upon which § 1983 relief can be granted and for seeking monetary damages against defendants who are absolutely immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

///
///

5) **CERTIFIES** that an IFP appeal from this Order would also be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

6) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

DATE: July 20, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge